UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SANJUANA B. BUTLER & JAMIE BUTLER | CIVIL ACTION NO. 12-cv-1838 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER & BAYER HEALTHCARE PHARMACEUTICALS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. This motion was filed by Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") on July 12, 2012. See Record Document 4. Plaintiffs were given notice of this motion and allowed fourteen (14) calendar days to respond in opposition. See Record Document 5. To date, the motion is unopposed. For the reasons which follow, the Motion to Dismiss is **GRANTED**.

**BACKGROUND**

Plaintiffs Sanjuana, patient, and Jamie Butler brought the instant lawsuit on June 6, 2012. See Record Document 1. The following were named as defendants: Bayer; Louisiana State University Health Sciences Center ("LSUHSC"); ABC Insurance Company; and Berlex Laboratories. See Id. Plaintiffs' petition states that "[o]n September 22, 2003, at the Illinois Masonic Medical Center in Chicago Illinois, Irmallo Sodini, MD, inserted a Mirena® IUD[1] in Sanjuana Butler." See id. The patient then began experiencing problems. See id.

---

[1] Mirena® IUD is a t-shaped hormone releasing system placed in uterus to prevent pregnancy for up to 5 years. The letters "IUD" stand for "intrauterine device." Record Document 4-2 at 4.

"On or about March 24, 2011, the patient" became pregnant and was referred to LSUHSC "to be treated in the high risk pregnancy clinic." See id. The pregnancy was unsuccessful. See id. The patient was eventually discharged with the IUD still in place. See id. At some point later the patient "experienced pregnancy and again suffered loss of the pregnancy..." See id. Plaintiffs allege damages as a result of the IUD and LSUHSC's failure to perform as required by the Emergency Medical Treatment and Labor Act ("EMTALA").42 U.S.C. § 1395dd.

Defendant Bayer filed a Rule 12(b)(6) Motion to Dismiss on July 12,2012. See Record Document 4. Plaintiffs were given notice of this motion and allowed fourteen (14) calendar days to respond in opposition. See Record Document 5. Any opposition was due on July 27, 2012. See id. To date, this motion is unopposed.

## LAW AND ANALYSIS

**I. Rule 12(b)(6) Standard**

Defendant's Motion to Dismiss is filed per Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litigation, 495 F. 3d 191, 205 (5th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, (2007) ; accord Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, (2009); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1964-1965

(2007) ("...a Rule 12(b)(6) motion to dismiss... must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level'"). Further, the court is not to evaluate the plaintiff's likelihood of success," but rather, "to determine whether the plaintiff has stated a legally cognizable claim that is plausible." Lone Star Fund V (US) L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) citing, Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949.

## II. Louisiana Products Liability Act

Plaintiffs have brought suit based on the Louisiana Product Liability Act ("LPLA"). The LPLA applies only to manufacturers of products and establishes "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. Thus, a claimant "may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." Id.

Defendant Bayer argues that Plaintiffs' causes of action fall outside the exclusive theories of liability set forth by the LPLA. Record Document 4-1 at 4. Bayer specifically challenges Plaintiffs' claims that Bayer fraudulently misrepresented Mirena®, Pet. at ¶¶ 15 & 22, that Mirena® was inadequately tested, Pet. at ¶ 24, that Bayer failed to exercise reasonable and ordinary care, Pet. ¶ 26, and failed to manufacture Mirena® to FDA specifications, id. Record Document 4-1 at 4. These statements are unopposed.

Generally, allegations of negligence and fraud by misrepresentation are summarily dismissed as inconsistent with the LPLA's exclusive theories of liability. See Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245, 1251 (5th Cir. La. 1997) ([N]either negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer."); see also Brown v. R.J. Reynolds Tobacco Co., 852 F.

Supp. 8 (E.D.La.1994), aff'd, 52 F.3d 524 (5th Cir.1995) (summarily dismissing claims for fraudulent misrepresentation among other reasons);

see also Grenier v. Med. Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La 2000) ("Given the exclusivity of the LPLA, all causes of action inconsistent with it must be dismissed.") Many of Plaintiffs' claims are of negligence and fraud by misrepresentation. See Pet. ¶¶ 15, 22, 24, and 26. Accordingly, those claims outside the LPLA are dismissed.

Defendant Bayer also argues that Plaintiffs have failed to support their claims with specific factual allegations. Record Document 4-1 at 6. Under the LPLA, a manufacturer of a product "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant..." La. R.S. 9:2800.54(A). A "successful products liability action" under the LPLA requires

> a plaintiff... establish four elements: (1) that the defendant is a manufacturer of a the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002). These claims, however, cannot be "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal at 678, See also Twombly at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Defendant specifically notes that plaintiffs do not identify the nature of the defect,

how the defect made Mirena® unreasonably dangerous, or explain how Mirena® caused the alleged injuries. See Id. Further, it is argued "[p]laintiffs do not allege what warnings or materials the doctor received or reviewed, much less that he would not have prescribed Mirena® if the warning was different." Id. Lastly, Defendant argues Plaintiffs failed to explain why the IUD, "an FDA-approved *five-year* prescription drug, was not properly removed five years after insertion" given its presence at the time of the pregnancy roughly eight years after insertion. Record Document 4-1 at 6-7, (*emphasis in the original*). These statements are unopposed. Accordingly, Plaintiffs' petition violates *Iqbal* and fails to survive a 12(b)(6).

Here, Bayer is a manufacturer of its product Mirena® IUD as defined by the LPLA and therefore the LPLA is Plaintiffs' exclusive basis of recovery. However, many of Plaintiffs' claims lie outside the LPLA's exclusive theories of liability and thus requires dismissal. Further, for those claims that fall within the ambit of the LPLA, Plaintiffs' petition is void of the required specific factual allegations as required by the Supreme Court in Iqbal, 129 S. Ct. at 1949 and Twombly, 550 U.S. at 555-57. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

### III. CONCLUSION.

Based on the foregoing, the Court finds that Plaintiffs claims fall outside the LPLA's exclusive theories of liability. Further, those claims under the LPLA that have insufficient factual support thus have failed to satisfy the Rule 12(b)(6) pleading standard. Thus, Defendant's Motion to Dismiss (Record Document 4) is **GRANTED** and Plaintiffs' claims are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue

herewith.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 9th day of August, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE